# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK CAPACI and CYNTHIA FORD on behalf of themselves, all others similarly situated, and the general public,<br><br>Plaintiffs,<br><br>v.<br><br>SPORTS RESEARCH CORPORATION, a California Corporation.<br><br>Defendant. | Case No. 2:19-cv-03440-FMO-FFM<br><br>**CLASS ACTION**<br><br>**PROTECTIVE ORDER PURSUANT TO STIPULATION** |

IT IS HEREBY STIPULATED by Plaintiffs FRANK CAPACI and CYNTHIA FORD (collectively, "Plaintiffs") on the one hand and Defendant SPORTS RESEARCH CORPORATION ("Defendant") on the other hand, by and through their respective attorneys of record, consistent with Federal Rules of Civil Procedure Rule 26 and California Code of Civil Procedure Section 3426, to the entry of an order that the production and use of information that may be private, privileged, proprietary, or confidential due to federal laws, state laws, and privacy rights shall be handled in accordance with the following terms and conditions:

# DEFINITIONS

1. As used herein, the term "confidential" means: (a) any type of information that has not been made public and the disclosure of which the disclosing party contends would cause substantial harm to the disclosing party's business operations or interests or divulge their personal affairs or transactions, including, but not limited to, customer lists, customer data, vendor information, employees, financial information, costs of goods or services sold, or other costs of doing business, employee salaries, marketing plans, banking records, accounts payable, accounts receivable, financial statements, tax returns, escrow records, characteristics of proprietary products, financial performance data, and sales, product development, business development strategies, and any information protected by individual privacy rights as well as anything meeting the definition of a "writing" as used in Fed. R. Evid. § 1001; (b) data derived from such confidential information, including any summaries, compilations, quotes, or paraphrases thereof; (c) any other oral, written, or recorded material which consists of or contains trade secrets (as defined in California Civil Code § 3426.1(d) and California Evidence Code § 1061 and the Uniform Trade Secrets Act) or other confidential research, development, or commercial information as defined in as defined in Federal Rules of Civil Procedure, Rule 26(c)(1)(G) or in California Code of Civil Procedure § 2031.060(b)(5); and (d) any other type of information that has been held to be confidential in any precedential case decided by the U.S. Supreme Court, the 9th Circuit, the Federal Court of Appeals, and/or the Federal District Court for the Central District of California, or any decision of the Court in this action.

2. As used herein, the terms "document" or "documents" mean documents and writings, and include, but are not limited to, records, exhibits, reports, samples, transcripts, video or audio recordings, disks, affidavits, briefs, summaries, notes, abstracts, drawings, company records and reports, answers to interrogatories, responses to requests for admissions, and motions, including copies or computer-stored versions of any of the foregoing.

///

## DESIGNATION OF PROTECTED MATERIAL

3. This Order encompasses all confidential material that is designated by a party or a third party as confidential information under this Order, as defined below, whether such disclosure is by order of this Court or any court of competent jurisdiction, in response to questions in a deposition, written interrogatories, requests for the production of documents and other tangible things, requests for admission, or any other discovery undertaken in this action. This Order is meant to encompass all forms of disclosure that may contain confidential material, including any document, pleading, motion, exhibit, declaration, affidavit, deposition transcript, inspection and all other tangible items (electronic media, photographs, videocassettes, etc.).

4. There shall be two tiers of confidential designations: "CONFIDENTIAL" and "CONFIDENTIAL – FOR ATTORNEYS EYES ONLY." Any party or third party providing documents or materials may designate as "CONFIDENTIAL" documents or materials containing information that is proprietary, confidential, technical, commercial, personal, financial, or otherwise as defined above. Only information and/or documents that have not been produced prior to entry of this Order and contain such information that the designating party believes (a) to be an invasion of privacy or will cause prejudice of a personal nature, or (b) will severely prejudice, injure the producing party's business, and/or result in competitive advantage or disadvantage if disclosed to another party in this action, may be designated as "CONFIDENTIAL – FOR ATTORNEYS EYES ONLY." Unless the designating party reasonably believes that an entire document is entitled to protection as "CONFIDENTIAL – FOR ATTORNEYS EYES ONLY," the designating party shall also use reasonable care to designate only the portions of a document or other material the designating party reasonably believes are entitled to such protection. All documents or things designated as "CONFIDENTIAL – FOR ATTORNEYS EYES ONLY" are included within the meaning of confidential information and under the designation "CONFIDENTIAL," and all provisions of this Order applying to confidential information shall apply to all documents designated as "CONFIDENTIAL" or

"CONFIDENTIAL – FOR ATTORNEYS EYES ONLY." The parties and third parties shall use reasonable care to avoid designating any materials as "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEYS EYES ONLY" that are not entitled to such designation or that are generally available to the public. Any designation under this Order ***must be made in good faith***. Failure to use good faith shall result in sanctions.

5. Material shall be designated as "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEYS EYES ONLY" by stamping or otherwise designating the material as "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEYS EYES ONLY." Such designation shall be accomplished by placing the appropriate designation on every page of each document so designated or by any other reasonable methods. In the case of confidential information disclosed in a non-paper medium (*e.g.*, videotape, audiotape, computer disks, thumb drives, etc.), the appropriate designation shall be affixed to the outside of the medium or its container so as to clearly give notice of the designation. Such designation is deemed to apply to the document itself and to the confidential information contained therein.

6. With respect to the examination of witnesses upon oral deposition, when designated confidential information is supplied to the deponent, or when the deponent's testimony contains, reflects, or comments on information designated confidential, the witness shall answer such question (unless otherwise instructed not to do so on grounds of privilege) provided that the only persons in attendance at the deposition are persons who are qualified to receive such information pursuant to the provisions below. If information designated as "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEYS EYES ONLY" is to be discussed or disclosed in a deposition, any party or third party claiming such confidentiality may exclude from the room any person, who is not entitled to receive such confidential information and who has not executed a Declaration in the form and scope of Exhibit A attached hereto, during that portion of the deposition in which the confidential information is actually discussed or disclosed.

7. Deposition testimony may be designated as "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEYS EYES ONLY" by (a) identifying and designating as confidential the testimony on the record at the deposition, or (b) following the deposition, by sending notice of the designation in writing within fourteen (14) days after receipt by the designating party of the deposition transcript. The portion of the deposition that reflects such confidential information shall be bound in a separate transcript (and recorded on a separate videotape, if the deposition is videotaped). The reporter and/or videotape operator shall then place on the cover of any such separate transcript or videotape the words "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEYS EYES ONLY," as appropriate. Counsel for the parties shall then take appropriate steps to prevent such separate transcript or videotape designated pursuant to this Order from being disclosed to any person, except as provided herein.

## **RESTRICTIONS ON CONFIDENTIAL MATERIAL**

8. Any material designated as "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEYS EYES ONLY" shall not be disclosed except to those persons or entities set forth in Paragraphs 12 through 15 of this Order.

9. While the disclosure of designated information under this Order to persons not authorized by this Order could, by definition, be prejudicial to the privacy, business, or operations of the designating party or third party, the appropriate confidential designations should not be overused.

10. Information designated as "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEYS EYES ONLY" and any copies thereof, and information obtained from inspecting such "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEYS EYES ONLY" information and notes made therefrom, shall not be used by any person for any purpose other than the litigation of this action, except with prior written consent of Counsel for the Party that designated such information "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEYS EYES ONLY" or with the prior Order of this Court.

11. Designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEYS EYES ONLY" information and any copies thereof and notes made therefrom, shall be disclosed only to qualified persons, who shall be bound by the terms of this Order.

12. Information designated "CONFIDENTIAL" may only be viewed by:

  a. counsel (as defined in Paragraph 15) of the parties;
  b. the Court and court personnel;
  c. the jury in the case (if this case goes to trial);
  d. the parties;
  e. current and former employees of the parties involved in the prosecution or defense of the litigation, and to whom disclosure of the confidential information is reasonably necessary for the purposes of this litigation;
  f. any mediator in the case;
  g. court reporters taking testimony in these actions and their necessary stenographic, videographic, and clerical personnel who have executed an Agreement to be Bound by Protective Order in the form and scope of Exhibit A attached hereto;
  h. vendors, investigators, translators, jury consultants, and mock jury members who are not presently employees of a party and who have executed an Agreement to be Bound by Protective Order in the form and scope of Exhibit A, attached hereto;
  i. by independent personnel retained or consulted by counsel for the parties to furnish technical or other expert services or advice or to give expert testimony who have executed an Agreement to be Bound by Protective Order in the form and scope of Exhibit A attached hereto;
  j. stenographic and clerical employees associated with the individuals identified above;
  k. a deponent who authored, received, or viewed the material in the ordinary course of business; and

l. any other person or entity as to whom the parties agree in writing.

13. Information designated "CONFIDENTIAL – FOR ATTORNEYS EYES ONLY" must be viewed only by:

   a. counsel (as defined in Paragraph 15) of the parties;

   b. the Court and court personnel;

   c. the jury in the case (if this case goes to trial);

   d. any mediator in the case;

   e. court reporters taking testimony in these actions and their necessary stenographic, videographic, and clerical personnel who have executed an Agreement to be Bound by Protective Order in the form and scope of Exhibit A attached hereto;

   f. vendors, investigators, translators, jury consultants, and mock jury members who are not presently employees of a party and who have executed an Agreement to be Bound by Protective Order in the form and scope of Exhibit A, attached hereto;

   g. by independent personnel retained or consulted by counsel for the parties to furnish technical or other expert services or advice or to give expert testimony who have executed an Agreement to be Bound by Protective Order in the form and scope of Exhibit A attached hereto;

   h. stenographic and clerical employees associated with the individuals identified above;

   i. a deponent who authored, received, or viewed the material in the ordinary course of business; and

   j. any other person or entity as to whom the parties agree in writing.

14. To be clear, **the Parties, including their employees, cannot, and shall not, receive, view or retain copies of any documents or information designated "CONFIDENTIAL-ATTORNEYS EYES ONLY."**

15. For the purposes of this Order, the term "counsel" will mean outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed or

-7-
[PROPOSED] PROTECTIVE ORDER

retained by the law firms identified below: Garcia Rainey Blank & Bowerbank LLP, attorneys for Defendant Sports Research Corporation; Law Offices of Ronald A. Marron, APLC, attorneys for Plaintiffs and proposed class; or any other counsel retained by the parties.

16. Notwithstanding the foregoing, nothing herein shall prohibit a party, or its counsel, from disclosing a document that contains confidential information to the person whom the document identifies as an author, addressee, or recipient of such document.

17. The terms of the Order shall not apply to or restrict the disclosure or use by a designating party or its counsel of the designating party's own confidential information. The voluntary disclosure of confidential information by a designating party, however, may provide grounds for an opposing party to challenge the confidential designation of the same information pursuant to the procedures outlined below.

## CONFIDENTIALITY AGREEMENT

18. Prior to disclosure of material designated as "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEYS EYES ONLY (other than to those persons or entities identified in Paragraphs 12(a)-(f), (j)-(l)and 14(a)-(d), (h)-(j))," each person to whom disclosure is to be made will execute a written Agreement to be Bound by Protective Order (in the form attached hereto as Exhibit "A") consenting to be bound by the terms of this Order. The counsel making the disclosure will keep the signed Confidentiality Agreement and make it available to the other party upon request. The parties, counsel for the respective parties (including legal assistants and other personnel), and the Court are deemed to be bound by this Order and are not required to execute a Confidentiality Agreement.

19. If a deponent refuses to execute a Confidentiality Agreement, disclosure of confidential material during the deposition shall not constitute a waiver of confidentiality. Under such circumstances, the witness shall sign the original deposition transcript in the presence of the court reporter or counsel, and no copy of the transcript or exhibits shall be given to the deponent.

## FILING DOCUMENTS UNDER SEAL PER LOCAL RULE 79-5

20. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

## RESPONDING TO DISCOVERY REQUESTS IN OTHER PROCEEDINGS

21. If a non-designating party is subpoenaed or otherwise demanded through legal process to produce confidential material in another proceeding, such party shall promptly notify the designating party of the pending subpoena or demand and shall not produce any confidential material until the designating party has had reasonable time to object or otherwise take appropriate steps to protect such confidential material.

## DESIGNATION OF THIRD PARTY DOCUMENTS

22. Documents and/or information produced by a third party in response to a subpoena or during deposition in the course of this litigation may involve receipt of information, documents, things, or testimony which include, contain or comprise protected information that may or may not be appropriate for "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEYS EYES ONLY" designation under this Order. Unless otherwise agreed in writing between counsel for the parties, documents and information so produced by a third party shall be treated as follows: First of all, all such documents and information shall automatically be deemed to be and shall be treated as "CONFIDENTIAL – FOR ATTORNEYS EYES ONLY" for five (5) business days following their actual receipt by all counsel for Plaintiffs and Defendants in this action, in order to enable each such counsel to determine whether in their view any protected information is embodied therein. If no designation of the information as "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEYS EYES ONLY" by any party to this action is received by the remaining non-designating parties within five (5) court days after said production, then the information will not be protected by this

Protective Order except pursuant to subsequent designation by a party hereto or pursuant to a subsequent agreement of the parties or Court order. If, however, a written designation of "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEYS EYES ONLY" is made by a party to this action and is received by the non-designating parties within five (5) court days after said production of documents or information by the non-party, then the information will be subject to this Protective Order and will be deemed to be "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEYS EYES ONLY" (as requested by the designating party); provided, however, that the designation may be challenged in the manner set forth in Paragraphs 23-25, below. Lastly, to the extent third party documents or information contain information that is confidential and/or proprietary to the third party, said third party can avail itself of the protections set forth in this Order and designate documents and/or information it produces accordingly by executing this Order and agreeing to be bound by its terms.

## **CHALLENGING A DESIGNATION**

23. The parties agree that they will actively work to avoid the unnecessary designation of the information produced in discovery in this action. If only a portion of a document contains confidential information, and if reasonably feasible, only that portion will be designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEYS EYES ONLY."

24. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 *et seq*.

25. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

26. Nothing in this Stipulated Order, including the list of categories of *potentially* confidential information in Paragraph 1, creates a presumption or implies that any information actually meets the criteria for protection under applicable law or the rules of this Court. Upon a motion regarding challenged designations, the Court will determine that issue under applicable law and/or the rules of this Court.

**INADVERTENT DISCLOSURE AND RETROACTIVE DESIGNATION**

27. The inadvertent failure to designate any material as "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEYS EYES ONLY" shall not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a retroactive claim of confidentiality is asserted within ten (10) days after discovery of the inadvertent failure. At such time, arrangements shall be made by the parties to retroactively designate the material as "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEYS EYES ONLY" in accordance with this Order. Such retroactive designation shall be accomplished by notifying counsel for the non-designating parties in writing of such retroactive designation. Upon receipt of any such written retroactive designation, counsel (a) shall not make any further disclosure or communication of such retroactively designated material except as provided for in this Order; (b) shall take reasonable steps to notify all persons known to have possession of any retroactively designated material of the effect of the retroactive designation of confidentiality under this Order; and (c) shall take reasonable steps to procure all copies of such retroactively designated material from any persons known to have possession of any such retroactively designated material who are not entitled to receipt under this Order.

28. No provision of this Protective Order shall be deemed to create a waiver as to inadvertently produced discovery materials that are protected from discovery on the basis of privilege or the work-product doctrine under Rule 26 of the Federal Rules of Civil Procedure. The inadvertent production of such documents or information does not waive any privilege or immunity with respect to such production or with respect to other materials or information referred to in the materials produced, so long as a request for the

return or destruction of such documents or information is made in writing to the receiving party within ten (10) calendar days after the producing party learns of its inadvertent production, accompanied by a privilege log for the documents or information pursuant to Fed. R. Civ. P. 26(b)(5)(A). The receiving party shall then have five (5) court days to comply with such request pursuant to Fed. R. Civ. P. 26(b)(5)(B). If the receiving party seeks to challenge the claim of privilege, the parties shall have fourteen (14) to meet and confer and attempt to resolve the matter without Court intervention. If the dispute is not resolved by the parties, the receiving party may file a motion challenging the privilege claim within fourteen (14) calendar days of receipt of notice from the producing party that the document was inadvertently produced. If the receiving party fails to file a motion within the prescribed time, the receiving party must return or destroy all copies of the inadvertently produced document, and the receiving party shall certify in writing that it has done so. Nothing in this Paragraph shall prejudice the right of any party to seek discovery of communications, documents, and things as to which a claim of privilege has been made.

29. In the event that confidential information is designated as "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEYS EYES ONLY" after disclosure, the receiving party shall employ reasonable efforts to ensure that all inadvertently disclosed information is subsequently treated as required pursuant to the terms of this Stipulation and Order.

30. Should any document or information designated as "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEYS EYES ONLY" be disclosed, through inadvertence or otherwise, to any person or party not authorized to see such materials under this Order, then the disclosing party shall use its best efforts to bind such person to the terms of this Order, and the disclosing party shall (a) promptly inform such person of all the provisions of the Order, (b) identify the name, address, telephone number, employer and title and position of such person immediately to the party that designated the information, and (c) request such person sign a "Confidentiality Agreement."

# NO WAIVER OF RIGHTS

31. This Order governs how parties must handle the production of and use of protected material that one party elects to produce to another party or that one party is ordered by the Court to produce to another party. By entering into this Order, no party is acknowledging that any other party is entitled to any particular information. Nothing in this Order is intended to affect the viability of any objections the parties have as to any discovery requests or deposition questions, except that a party may cite to this Order in response to any objection solely based on the risk of disclosure of the protected information to non-parties. As such, by entering into this Order, the parties do not waive and may fully assert all objections, including those based on the right of privacy, trade secret information, and relevance, and the parties may withhold information and the production of documents based on such objections. Further, this Order shall be without prejudice to the right of any party to object to the admissibility into evidence of any information or documents produced under this Order.

32. Nothing in this Order shall preclude the parties from arguing that the Court and/or any appointed Referee can or should review any document or other materials in camera.

33. No party to this action, by entering into this Stipulation and Order, by designating certain information under this Order, or by acquiescing in any other party's or third-party's designation, shall be deemed to have admitted anything relative to the confidential status and/or trade secret status of the such information.

34. Neither this Stipulated Protective Order nor any designation of confidentiality is admissible before any trier of fact or before the Court in any proceeding on the merits of this action.

35. If any party believes that this Stipulated Protective Order should be modified, the parties will meet-and-confer regarding the proposed modification. For good cause shown, the Court may modify this Stipulated Protective Order.

## REPORTING VIOLATIONS

36. If, after execution of this Stipulated Protective Order, any materials designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY" under the terms of this Stipulated Protective Order is disclosed by a non-designating party to any person other than in the manner authorized by this Stipulated Protective Order, the non-designating party responsible for the disclosure shall bring all pertinent facts relating to the disclosure of such materials to the immediate attention of the designating party.

## TREATMENT OF CONFIDENTIAL INFORMATION AFTER LAWSUIT

37. Within sixty (60) days after the termination of this lawsuit, all confidential material (including all copies) shall be returned to counsel for the designating party or destroyed. In addition, counsel returning or destroying such material shall execute an affidavit verifying that all confidential material produced to such counsel and any subsequently made copies are being returned in their entirety or destroyed in their entirety pursuant to the terms of this Order. Such a representation fully contemplates that counsel returning or destroying the materials has: (a) contacted all persons to whom that counsel disseminated confidential material, and (b) confirmed that all such material has been returned to disseminating counsel or destroyed. Notwithstanding the foregoing, counsel for the parties may retain a file copy of confidential material for as long as may be required by the State Bar or the Rules of Professional Responsibility, or as long as any other related litigation, arbitration, or other proceeding is anticipated or pending, whichever is longer.

38. After the termination of this lawsuit, the provisions of this Order shall continue to be binding and this Court shall retain jurisdiction over the parties and any other person who has access to documents and information produced pursuant to this Order for the sole purpose of enforcement of its provisions.

## MISCELLANEOUS

39. The provisions of this Order apply to all proceedings in this action, including all appeals, arbitrations, mediations, and proceedings upon remand, unless the matter

proceeds to trial.  The Parties will work with the Court to determine whether evidence proffered at trial should continue to be treated as "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEYS EYES ONLY" and, if so, what protection, if any, may be afforded to such information at trial.

40. Documents designated "CONFIDENTIAL – FOR ATTORNEYS EYES ONLY" shall be maintained in the custody of counsel of record for the parties except that: (a) any court reporter who transcribes testimony given in this action may maintain any such designated documents for the purpose of rendering his or her normal transcribing services; and (b) partial or complete copies of such documents may be retained by consultants entitled to see such documents under the terms of this Order to the extent necessary for their study, analysis, and preparation of the case.  A person with custody of documents designated "CONFIDENTIAL – FOR ATTORNEYS EYES ONLY" shall maintain them in a manner that limits access to those documents to only those persons entitled under this Order to access them.

41. To the extent that the parties have agreed on the terms of this order, such stipulation is for the Court's consideration and approval as an order.  The parties' stipulation shall not be construed to create a contract between the parties or their respective counsel.

DATED:  August 9, 2019

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

DATED:   08/09/2019            /S/ Frederick F. Mumm
                               Hon. Frederick F. Mumm
                               United States Magistrate Judge
                               United States District Court, Central District

# EXHIBIT A.
# AGREEMENT TO BE BOUND BY PROTECTIVE ORDER
# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK CAPACI and CYNTHIA FORD on behalf of themselves, all others similarly situated, and the general public,<br><br>Plaintiffs,<br><br>v.<br><br>SPORTS RESEARCH CORPORATION, a California Corporation.<br><br>Defendant. | Case No. 2:19-cv-03440-FMO-FFM<br><br>**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |

I, _____, declare and state that:

1. I live at _____. I am employed as _____ by _____.

2. I have received a copy and read the Stipulated Protective Order ("Order") signed by the parties, through their respective counsel of record in <u>Capaci v. Sports Research, Inc.</u>, Case No. 2:19-cv-03440-FMO-FFM pending in the United States District Court, Central District of California.

3. I promise that I will use any and all confidential information and all information designated as "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEYS EYES ONLY," as defined in the Order, given to me only in a manner authorized by the Order, and only to assist counsel in the litigation of this matter.

4. I promise that I will not disclose or discuss such "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEYS EYES ONLY" information with anyone other

-1-
Exhibit A to Stipulated Protective Order    AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

than the persons described in Paragraphs 12-15 of the Order.

5.  I agree that I shall return or destroy all documents containing any information designated as "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEYS EYES ONLY" that have been provided to me, together with any work product including such information designated as "CONFIDENTIAL," upon demand by the Court or the counsel or party who furnished such information to me.

6.  I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court, Central District of California, with respect to enforcement of the Order.

7.  I understand that any disclosure or use of "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEYS EYES ONLY" information in any manner contrary to the provisions of the Order may subject me to sanctions for contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____    By: _____

                                                                           Name: _____