GARCIA RAINEY BLANK & BOWERBANK LLP
  A Limited Liability Partnership
JEFFREY M. BLANK, Cal. Bar No. 217522
  jblank@garciarainey.com
NORMA V. GARCIA, Cal. Bar No. 223512
  ngarciaguillen@garciarainey.com
695 Town Center Drive, Suite 700
Costa Mesa, California 92626-1993
Telephone:   714.382.7000
Facsimile:    714.784.0031

Attorneys for Defendant
SPORTS RESEARCH CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK CAPACI and CYNTHIA FORD on behalf of themselves, all others similarly situated, and the general public,<br><br>                    Plaintiffs,<br><br>          v.<br><br>SPORTS RESEARCH CORPORATION, a California Corporation.<br><br>                    Defendant | Case No. 2:19-cv-03440-FMO-FFM<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT SPORTS RESEARCH CORPORATION'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>*[Filed Concurrently with Notice of Motion and Motion; Request for Judicial Notice; [Proposed] Order re: Motion to Dismiss; and [Proposed] Order re: Request for Judicial Notice]*<br><br>Date:      Thursday, October 3, 2019<br>Time:      10:00 a.m.<br>Courtroom:  6D<br>Judge:      Hon. Fernando M. Olguin<br><br>Complaint Filed: April 26, 2019 |

# **TABLE OF CONTENTS**

**Page No.**

I.    INTRODUCTION ................................................................. 1

II.   STATEMENT OF FACTS ...................................................... 4

      A.    The Parties ............................................................. 4

      B.    Plaintiff's Alleged Purchases and Claims............................. 5

III.  LEGAL STANDARDS............................................................ 5

IV.   FDCA AND NLEA EXPRESSLY PREEMPT PLAINTIFF'S CLAIMS......... 7

      A.    The Representations at Issue Are Structure/Function Claims ....... 8

      B.    Plaintiffs' Claims Are Preempted Because They Are Inconsistent
            with Federal Requirements for Structure/Function Claims ......... 10

            1.   *Korolshteyn v. Costco Wholesale Corp.* ......................... 10

            2.   *Kroessler v. CVS Health Corp.* ................................. 12

            3.   Plaintiffs' Claims Are Expressly Preempted ..................... 12

V.    PLAINTIFFS' CLAIMS FAIL UNDER THE PRIMARY
      JURISDICTION DOCTRINE ................................................. 14

VI.   PLAINTIFFS' CLAIMS SHOULD BE DISMISSED FOR LACK OF
      STANDING UNDER FED. R. CIV. P. 12(b)(1) BECAUSE THE
      COURT LACKS SUBJECT MATTER JURISDICTION........................ 15

      A.    Plaintiffs Lacks Standing for Injunctive Relief Because They
            Do Not Allege Intent to Purchase the Product Again .............. 15

      B.    Plaintiffs Fail to Allege a Sufficient Causal Connection Between
            Their Alleged Injuries and the Alleged Deceptive Acts of SR ...... 15

DEFENDANT SPORTS RESEARCH CORPORATION'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

VII.   PLAINTIFFS FAIL TO STATE CLAIMS UPON WHICH RELIEF CAN
       BE GRANTED, BECAUSE THEY DO NOT PLEAD FACTS SHOWING
       THAT THE CHALLENGED LABEL STATEMENTS ARE FALSE ........... 17

VIII.  PLAINTIFFS HAVE NOT PLED ACTUAL RELIANCE OR
       CAUSATION WITH THE REQUISITE PARTICULARITY ...................... 21

IX.    PLAINTIFFS' NEW JERSEY CONSUMER PROTECTION CLAIMS
       SHOULD BE DISMISSED ................................................................ 21

X.     PLAINTIFFS' NEGLIGENT REPRESENTATION CLAIM IS BARRED
       UNDER THE ECONOMIC LOSS RULE ..................................................... 22

XI.    PLAINTIFFS FAIL TO ALLEGE PUNITIVE DAMAGES WITH THE
       REQUISITE SPECIFICITY ............................................................. 23

XII.   DISGORGEMENT OF PROFITS IS NOT AN AVAILABLE REMEDY ..... 24

XIII.  ALL EQUITABLE CLAIMS MUST BE DISMISSED AS PLAINTIFFS
       HAVE NOT PLED AN INADEQUATE REMEDY AT LAW ...................... 25

XIV.   CONCLUSION ........................................................................... 25

1
2

# <u>TABLE OF AUTHORITIES</u>

3
4

## <u>CASES</u>

5

**Page No(s).**

6

*Amore ex rel. Estates of Amore v. Accor,*

7

    529 F. Supp. 2d 85 (D.D.C. 2008) .................................................................6

8

*Ashcroft v. Iqbal,*

9

    556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009) ..........................6, 23

10

*Balistreri v. Pacifica Police Dep't,*

11

    901 F.2d 696 (9th Cir. 1988).................................................................................6

12

*Barrera v. Pharmavite, LLC,*

13

    No. CV 11–04153 CAS, 2011 U.S. Dist. LEXIS 158240,

14

    2011 WL 13098477 (C.D. Cal. Sept. 19, 2011)...............................................18

15

*Bell Atl. Corp. v. Twombly*

16

    550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007) ..........................6, 23

17

*Bouncing Angels, Inc. v. Burlington Ins. Co.,*

18

    No. EDCV 17-0015 JGB (SPx), 2017 U.S. Dist. LEXIS 54569,

19

    2017 WL 1294004 (C.D. Cal. Mar. 20, 2017) .......................................4, 23-24

20

*Chapman v. Pier 1 Imports (U.S.) Inc.,*

21

    631 F.3d 939 (9th Cir. 2011).............................................................................15

22

*Clark v. Time Warner Cable,*

23

    523 F.3d 1110 (9th Cir. 2008).............................................................................14

24

*Dachauer v. NBTY, Inc.,*

25

    913 F.3d 844 (9th Cir. 2019)...............................................................1, 8, 9, 10

26

*Davis v. Chase Bank U.S.A., N.A.,*

27

    650 F. Supp. 2d 1073 (C.D. Cal. 2009) ..........................................................6-7

28

-iv-

*Diaz v. Bank of Am. Home Loan Servicing, L.P.*,

     No. CV 09-9286 PSG (MANx), 2011 U.S. Dist LEXIS 158893,

     2011 WL 13046844 (C.D. Cal. July 8, 2011) ....................................................23

*Dugan v. TGI Fridays, Inc.*,

     231 N.J. 24, 171 A.3d 620 (2017)....................................................................21

*Eckler v. Wal-Mart Stores, Inc,*

     No. 12-CV-727-LAB-MDD, 2012 U.S. Dist. LEXIS 157132,

     2012 WL 5382218 (S.D. Cal. Nov. 1, 2012) ..............................................20-21

*Feitelberg v. Credit Suisse First Boston, LLC*,

     134 Cal. App. 4th 997 (2005) ..........................................................................24

*Fisher v. Monster Bev. Corp.*,

     125 F. Supp. 3d 1007 (C.D. Cal. 2013)

     *aff'd in part, reversed in part*, 656 F. App'x 819 (9th Cir. 2016)...............7, 21

*Franklin v. Gwinnett Cnty. Pub. Sch.*,

     503 U.S. 60 (1992) ..........................................................................................25

*Franulovic v. Coca Cola Co.,*

     390 Fed. Appx. 125 (3d Cir. 2010) ...............................................................8, 10

*Franz v. Beiersdorf, Inc.,*

     No. 14cv2241-LAB (RBB), 2015 U.S. Dist. LEXIS 102784,

     2015 WL 4659104 (S.D. Cal. Aug. 5, 2015) ...................................................18

*GBTI, Inc. v. Ins. Co. of Pennsylvania*,

     No. CV F 09-1173 LJO DLB, 2009 U.S. Dist. LEXIS 70368,

     2009 WL 2365409 (E.D. Cal. July 29, 2009) ...................................................23

*Green Crush LLC v. Paradise Splash I, Inc.*,

     No. SA-CV-1701856-CJC(JDEx),

     2018 WL 4940825 (C.D. Cal. May 3, 2018) ...................................................25

-v-

DEFENDANT SPORTS RESEARCH CORPORATION'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

*Haggag v. Welch Foods, Inc.*,

    No. CV 13-00341-JGB (OPx), 2014 U.S. Dist. LEXIS 38680,

    2014 WL 1246299 (C.D. Cal. Mar. 24, 2014) .................................................. 14

*Hodgers-Durgin v. de la Vina*,

    199 F.3d 1037 (9th Cir. 1999)........................................................................... 15

*Hodges v. Vitamin Shoppe, Inc.*,

    No. 13-3381 (SRC), 2014 U.S. Dist. LEXIS 5109,

    2014 WL 200270 (D.N.J. Jan. 15, 2014) ................................................. 18, 21

*In re Actimmune Mktg. Litig.*,

    No. C 08-02376 MHP, 2009 U.S. Dist. LEXIS 103408,

    2009 WL 3740648 (N.D. Cal. Nov. 6, 2009),

    *aff'd*, F. App'x 651 (9th Cir. 2011) ...................................................................... 7

*In re Ford Tailgate Litig.*,

    No. 11-CV-2953-RS, 2014 U.S. Dist. LEXIS 32287,

    2014 WL 1007066 (N.D. Cal. Mar. 12, 2014)................................................. 25

*In re iPhone Application Litig.*,

    6 F. Supp. 3d 1004 (N.D. Cal. 2013) ............................................................... 16

*In re Pepsico, Inc., Bottled Water Mktg. & Sales Practices Litig.*,

    588 F. Supp. 2d 527 (S.D.N.Y. 2008)................................................................ 8

*Kaempe v. Myers*,

    367 F.3d 958 (D.C. Cir. 2004) ........................................................................... 6

*Kearns v. Ford Motor Co.*,

    567 F.3d 1120 (9th Cir. 2009)........................................................................... 21

*Keegan v. Am. Honda Motor Co.*,

    838 F. Supp. 2d 929 (C.D. Cal. 2012) ............................................................... 7

DEFENDANT SPORTS RESEARCH CORPORATION'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

*Korolshteyn v. Costco Wholesale Corp.*,

    --- F. Supp. 3d ----, 2019 U.S. Dist. LEXIS 107224,

    2019 WL 2617043, at *3 (S.D. Cal. June 25, 2019),

    *appeal filed*, 9th Cir., June 12, 2019 .................................................. 1-2, 10-12

*Kroessler v. CVS Health Corp.,*

    No. 19-CV-277-CAB-JLB, 2019 U.S. Dist. LEXIS 83782,

    2019 WL 2164054 (S.D. Cal. May 16, 2019) .............. 1, 2, 5-6, 8-9, 10, 12, 13

*Kwan v. SanMedica Int'l,*

    854 F.3d 1088 (9th Cir. 2017)........................................................................3, 17

*Lierboe v. State Farm Mut. Auto Ins. Co.*,

    350 F.3d 1018 (9th Cir. 2003)..........................................................................16

*Merrell Dow Pharm. Inc. v. Thompson*,

    478 U.S. 804, 106 S. Ct. 3229 (1986) ..............................................................13

*Min Sook Shin v. Umeken USA, Inc.*,

    No. 17-56767, 2019 U.S. App. LEXIS 16588,

    2019 WL 2338467 (9th Cir. June 3, 2019) .................................................. 1, 15

*Mladenov v. Wegmans Food Markets, Inc.*,

    124 F. Supp. 3d 360 (D.N.J. 2015) ........................................3, 7, 17, 21-22, 24

*Mort v. United States*,

    86 F.3d 890 (9th Cir. 1996)..............................................................................25

*Moss v. U.S. Secret Serv.*,

    572 F.3d 962 (9th Cir. 2009)..............................................................................6

*National Council Against Health Fraud, Inc. v. King Bio Pharmaceuticals, Inc.*,

    107 Cal. App. 4th 1336 (2003) ........................................................................18

*Padilla v. Costco Wholesale Corp.,*

    No. 11 C 7686, 2013 U.S. Dist. LEXIS 7990,

    2013 WL 195769 (N.D. Ill. Jan. 16, 2013) ......................................................18

*Pence v. Andrus*,

    586 F.2d 733 (9th Cir. 1978)......................................................................15-16

*Philips v. Ford Motor Co.*,

    No. 14-CV-02989-LHK, 2015 U.S. Dist. LEXIS 88937,

    2015 WL 4111448 (N.D. Cal. July 7, 2015)....................................................25

*Resnick v. Hyundai Motor Am., Inc.,*

    No. CV 16-00593-BRO (PJWx), 2017 U.S. Dist. LEXIS 67525,

    2017 WL 1531192 (C.D. Cal. Apr. 13, 2017) .............................................4, 22

*Rhynes v. Stryker Corp.*,

    No. 10-5619 SC, 2011 U.S. Dist. LEXIS 58286,

    2011 WL 2149095 (N.D. Cal. May 31, 2011) .................................................25

*Sateriale v. R.J. Reynolds Tobacco Co.*,

    697 F.3d 777 (9th Cir. 2012)..........................................................................21

*Scheuerman v. Nestle Healthcare Nutrition, Inc.*,

    No. CIV. 10-3684 FSH PS, 2012 U.S. Dist. LEXIS 99397,

    2012 WL 2916827 (D.N.J. July 17, 2012)....................................................8, 10

*Sciacca v. Apple, Inc.*,

    362 F. Supp. 3d 787 (N.D. Cal. 2019) ..............................................................6

*SkinMedica, Inc. v. Histogen Inc*.,

    869 F. Supp. 2d 1176 (S.D. Cal. 2012)........................................................4, 24

*Sprewell v. Golden State Warriors*,

    266 F.3d 979 (9th Cir. 2001).............................................................................6

*Tasion Commc'ns, Inc. v. Ubiquiti Networks, Inc.*,

    No. C-13-1803 EMC, 2013 U.S. Dist. LEXIS 121207,

    2013 WL 4530470 (N.D. Cal. Aug. 26, 2013)............................................22-23

*Tubbs v. AdvoCare Int'l, LP*,

    No. CV17-4454 PSG (AJWx), 2017 U.S. Dist. LEXIS 147681,

    2017 WL 4022397 (C.D. Cal. Sept. 12, 2017)............................................17-18

DEFENDANT SPORTS RESEARCH CORPORATION'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

*Turek v. Gen. Mills, Inc.*,
        662 F.3d 423 (7th Cir. 2011)...............................................................8
*U.S. v. General Dynamics Corp.*,
        828 F.2d 1356 (9th Cir. 1987).........................................................14
*Vess v. Ciba-Geigy Corp. USA*,
        317 F.3d 1097 (9th Cir. 2003)..........................................................6-7
*Whittlestone, Inc. v. Handi-Craft Co.*,
        618 F.3d 970 (9th Cir. 2010)............................................................24
*Wood v. Midland Credit Mgmt.*,
        No. CV 05-3881 FMC (MANx), 2005 U.S. Dist. LEXIS 31923,
        2005 WL 3159639 (C.D. Cal. July 29, 2005) ...................................24
*Wright v. Oregon Metallurgical Corp.*,
        360 F.3d 1090 (9th Cir. 2004)............................................................6
*Zapata Fonseca v. Goya Foods Inc.*,
        No. 16-cv-02559-LHK, 2016 U.S. Dist. LEXIS 121716,
        2016 WL 4698942 (N.D. Cal. Sept. 8, 2016) ..................................25


## CODES AND STATUTES
### Federal
Food, Drug, and Cosmetic Act ("FDCA")
        21 U.S.C. § 301 *et seq.*................................................2, 7, 8, 13, 14
Nutritional Labeling and Education Act ("NLEA")
        21 U.S.C. § 343 *et seq.*............................................................7, 8, 11
21 U.S.C. § 343(a)(1) ................................................................................8
21 U.S.C. § 343(r)(1)................................................................................9
21 U.S.C. § 343(r)(6)....................................................1, 8-9, 10, 11, 12, 13
21 U.S.C. § 343-1(a)(5) .........................................................................8, 9

DEFENDANT SPORTS RESEARCH CORPORATION'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

**California**

California Consumer Legal Remedies Act ("CLRA")

      Cal. Civ. Code §§ 1750 *et seq.* ................................. 1, 5, 7, 16, 17, 20, 21, 24, 25

California False Advertising Law ("FAL")

      Cal. Civ. Code §§ 17500 *et seq.* ..................................................... 5, 7, 21, 24, 25

California Unfair Competition Law ("UCL")

      Cal. Bus. & Prof. Code §§ 17200 *et seq.* ............... 1, 5, 7, 16, 17, 20, 21, 24, 25

**New Jersey**

New Jersey Consumer Fraud Act ("CFA")

      N.J.S.A. § 56:8-1 *et seq.* ................................................................. 5, 21-22, 24

New Jersey Truth in Consumer Contract, Warranty, and Notice Act ("TCCWNA")

      N.J.S.A. §§ 56:12-18 ........................................................................ 5, 21-22, 24

**RULES**

Fed. R. Civ. P. Rule 8(a) ............................................................................................ 7

Fed. R. Civ. P. Rule 9(b) ........................................................... 2-3, 4, 6-7, 17, 21, 25

Fed. R. Civ. P. Rule 12(b)(1) ................................................................... 4, 5, 6, 15

Fed. R. Civ. P. Rule 12(b)(6) ......................................................................... 4, 6, 17

**REGULATIONS**

21 C.F.R. § 7.1 *et seq.* ............................................................................................. 13

*Regulations on Statements Made for Dietary Supplements Concerning*

      *the Effect of the Product on the Structure or Function of the Body,*

      65 Fed. Reg. 1000-01 (Jan. 6, 2000) ("The Guidance") .................................... 9

**OTHER AUTHORITIES**

Pub. L. No. 101-535, 104 Stat. 2353 (1990) ................................................................ 8

-x-

DEFENDANT SPORTS RESEARCH CORPORATION'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

## MEMORANDUM OF POINTS & AUTHORITIES

## I.    INTRODUCTION

Defendant Sports Research Corporation ("SR" or "Defendant") manufactures a product (the "Product") containing Garcinia Cambogia Extract ("GCE").  The Product's label pictured in the First Amended Complaint ("FAC") on pp. 7-9 contains a proper structure/function claim under federal law, providing that the GCE "is a great way to support your overall weight management plan" and that it "Supports Appetite Control[.]"  (FAC, ¶ 57.)

Under federal law, a manufacturer can make a structure/function claim if it has substantiation that the claims are truthful and not misleading.  21 U.S.C. § 343(r)(6). State law requirements for such claims are preempted if they differ from the federal requirements.  *Dachauer v. NBTY, Inc.*, 913 F.3d 844, 847-48 (9th Cir. 2019); 21 U.S.C. §343-1(a)(5), 21 U.S.C. § 343(r)(1).  As the Ninth Circuit just made clear, California law differs from the federal requirements: "Although the FDCA requires manufacturers to have substantiation for their structure/function claims, California law does not allow private plaintiffs to demand substantiation for advertising claims." *Dachauer, supra*, 913 F.3d at 847.

Thus, when a plaintiff is challenging a structure/function claim itself as being false or misleading based on the product's alleged uselessness (as opposed to harmfulness), the claim is preempted.  *Korolshteyn v. Costco Wholesale Corp*., --- F. Supp. 3d ----, 2019 WL 2617043, at *3 (S.D. Cal. June 25, 2019), *appeal filed*, 9th Cir., June 12, 2019 (granting Defendant's renewed summary judgment motion); *Kroessler v. CVS Health Corp.,* 387 F. Supp. 3d 1064 (S.D. Cal. 2019) (dismissing Plaintiffs' CLRA, UCL, and breach of express warranty claim with prejudice), *appeal filed*, 9th Cir., June 26, 2019.  This is because "Plaintiff's claims would seek to impose requirements under California law that either alters or adds to the requirement that the manufacturer has substantiation that the structure/function claims are truthful and not misleading.  Such requirements would directly or indirectly impose

obligations or contain provisions not identical to the federal requirements and mimic a lack of substantiation claim." *Korolshteyn, supra*, 2019 WL 2617043, at *4.

Plaintiffs Frank Capaci and Cynthia Ford (together, "Plaintiffs") acknowledge that the claims at issue are structure/function claims.  (FAC, ¶ 53.)  Plaintiffs do not allege the Product causes any harmful consequences; rather, all of their claims are based on a contention that the structure/function claims are false and/or misleading because the Product is "worthless."  (FAC, ¶¶ 68, 72.)  For these reasons, it is clear that all of Plaintiffs' claims are expressly preempted.

Even if this Court decides not to follow *Korolshteyn, supra*, and *Kroessler, supra*, and determines that Plaintiffs' claims are not expressly preempted, the FAC suffers from a myriad of other problems.[1]

*First*, to the extent that Plaintiffs' claims are predicated on violations of the Food, Drug, and Cosmetic Act ("FDCA"), such claims are barred because they are the primary jurisdiction of the Food and Drug Administration ("FDA").  Plaintiffs allege GCE is worthless.  (FAC, ¶ 68.)  As such, unquestionably, this lawsuit is an attempt to regulate all GCE products, a product which the FDA regulates.  (FAC, ¶ 44, f.n. 13; Defendant's Request for Judicial Notice ("RJN"), Exh. 4, pp. 11-12.)

*Second*, Plaintiffs lack standing to bring a claim for future injunctive relief because the Ninth Circuit just held that injunctive relief is unavailable, when a party, such as Plaintiffs here, simultaneously allege that Defendant's Product is worthless *and* that Plaintiffs would consider purchasing the Product again.  *Min Sook Shin v. Umeken USA, Inc*., 2019 WL 2338467, at *1 (9th Cir. June 3, 2019); FAC, ¶ 68.

*Third*, Plaintiffs fail to allege a sufficient causal connection between their

---

[1]   This court previously denied SR's motion to dismiss without prejudice so it could fully consider the implications of the recently decided case, *Hyundai & Kia Fuel Economy Litig*., 926 F.3d 539 (9th Cir. 2019) (en banc).  Because SR asserts this lawsuit is preempted, and because applying *Hyundai* will involve a more detailed analysis, SR has elected to defer the choice of law analysis until a later stage, such as class certification, if the lawsuit has not been otherwise dismissed.

1  alleged injuries and the alleged deceptive acts of SR, thereby lacking Article III

2  standing, nor do they satisfy the Rule 9(b) pleading standard for reliance.  Part of the

3  statement that forms the basis of Plaintiffs' claims is predicated on diet and exercise.

4  (FAC, ¶ 23: "Defendant promises that 'along with diet and exercise, Garcinia

5  Cambogia is a great way to support your overall weight management plan.'")

6      Further, Plaintiffs contend that they did not obtain the benefits promised.

7  (FAC, ¶ 61.)  Thus, for Plaintiffs to have actually relied on the label and as a result

8  suffered injury because they did not experience the benefits promised, then whether or

9  not they took the Product in conjunction with a healthy diet and regular exercise is a

10  critical component of reliance and causation and must not only be pled but must be

11  pled with specificity.  Plaintiffs fail to make any such allegations.

12      *Fourth*, all of Plaintiffs' claims fail because Plaintiffs merely allege lack of

13  substantiation in support of these claims; lack of substantiation arguments are *not*

14  actionable by private plaintiffs.  *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1092 (9th

15  Cir. 2017); *Mladenov v. Wegmans Food Markets, Inc.*, 124 F. Supp. 3d 360, 376-77

16  (D.N.J. 2015).  The cherry-picked portions of Plaintiffs' cherry-picked selection of

17  studies do not contradict, disprove, or establish that the cherry-picked language from

18  the Product label is false or misleading.  Plaintiffs conflate weight loss with weight

19  management and hunger suppression with appetite control.

20      *Fifth*, Plaintiffs fail to make viable claims under the relevant New Jersey

21  consumer protection statutes.  In *Mladenov v. Wegmans Food Markets, Inc.*, 124 F.

22  Supp. 3d 360, 376 (D.N.J. 2015), the court explained that to sufficiently allege an

23  ascertainable loss based on an assertion that the plaintiff would not have paid a price

24  premium if the plaintiff knew the true facts, the plaintiff must allege a comparable

25  product to the one the plaintiff actually received so as to provide a basis for

26  calculating damages with a reasonable degree of certainty.  Regarding an ascertainable

27  loss, Plaintiffs allege they would not have purchased the Product if they knew the true

28  facts and that they paid a price premium. (FAC, ¶ 154.)  They fail to allege any

-3-

1    comparable product.

2        **Sixth**, Plaintiffs' negligent misrepresentation claim is barred by the economic

3    loss rule, which bars negligent misrepresentation claims relating to the purchase of a

4    product unless the plaintiff can allege personal injury or damages to property other

5    than the product itself. *Resnick v. Hyundai Motor Am., Inc.,* No. CV 16-00593-BRO

6    (PJWx), 2017 WL 1531192, at *10 (C.D. Cal. Apr. 13, 2017) (dismissing negligent

7    misrepresentation claim under economic loss rule). Plaintiffs have failed to allege any

8    loss other than the amount they paid for the Product. Thus, California law is crystal-

9    clear that the economic loss rule bars their negligent misrepresentation claim.

10       **Seventh**, Plaintiffs fail to allege punitive damages with the requisite specificity.

11   Plaintiffs' FAC is devoid of any contentions regarding "any specific conduct on the

12   part of an identifiable individual who could reasonably be inferred to have decision

13   making power over corporate policy." *Bouncing Angels, Inc. v. Burlington Ins. Co.*,

14   No. EDCV 17-0015 JGB (SPx), 2017 WL 1294004, at *4 (C.D. Cal. Mar. 20, 2017).

15       **Eighth**, while restitutionary disgorgement is an available remedy, because

16   "[d]isgorgement is a broader remedy than restitution," Plaintiffs' claim for

17   disgorgement of profits must be dismissed. *SkinMedica, Inc. v. Histogen Inc.*, 869 F.

18   Supp. 2d 1176, 1184 (S.D. Cal. 2012).

19       **Ninth**, all of Plaintiffs' equitable claims must be dismissed because they have

20   not pled an inadequate remedy at law.

21       For all these reasons, Defendant respectfully requests that this Court dismiss,

22   with prejudice, all claims asserted against it by Plaintiffs pursuant to Fed. R. Civ. P.

23   Rules 12(b)(1), 12(b)(6), and 9(b).

24   **II.   STATEMENT OF FACTS**

25       **A. The Parties**

26       Plaintiff Frank Capaci ("Plaintiff Capaci") alleges that he is a resident of New

27   Jersey. (FAC, ¶ 9.) Plaintiff Cynthia Ford ("Plaintiff Ford") alleges that she is a

28   resident of California. (*Id.*, at ¶ 10.) Defendant is a corporation organized under the

1  laws of the state of California.  Plaintiffs allege that Defendant markets the Product at

2  issue in this action (*Id.*, at ¶ 8).

3      **B.  <u>Plaintiffs' Alleged Purchases and Claims</u>**

4        Plaintiff Capaci claims to have purchased "approximately $25.00" worth of the

5  Product from GNC stores in New Jersey.  (*Id.*, at ¶ 9.)  Plaintiff Ford claims to have

6  purchased "approximately $20.00 to $25.00" worth of the Product from a Vitamin

7  Shoppe store in California.  (*Id.*, at ¶ 10.)  Plaintiffs allege that they read and relied on

8  information on the Product label in deciding to purchase the Product.  (*Id.*, ¶¶ 2, 60.)

9        The FAC's focus is on scientific studies, discussed *infra.*, which they cite in an

10  attempt to show that GCE and/or hydroxycitric acid ("HCA") "does not provide

11  weight loss" benefits in people.  (*Id.*, p. 10-11, ¶ 28.)  Based on these scientific

12  studies—which are immaterial to the *actual* claims made by SR on the Product

13  label—Plaintiffs assert claims for violation of: California's Unfair Competition Law

14  ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*; California's False Advertising Law

15  ("FAL"), Cal. Bus. & Prof. Code §§ 17500 *et seq.*; California Consumer Legal

16  Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et seq.*; Breach of Express

17  Warranties; Breach of Implied Warranties; Negligent Misrepresentation; New Jersey

18  Consumer Fraud Act, N.J.S.A. § 56:8-1, *et seq* ("CFA"); and the New Jersey Truth in

19  Consumer Contract, Warranty, and Notice Act, N.J.S.A. §§ 56:12-18 ("TCCWNA").

20  The UCL, FAL, CLRA, breach of express warranties, and breach of implied

21  warranties claims are brought by the Nationwide Class and the California Class.  The

22  negligent misrepresentation claim is brought on behalf of all Classes.  The CFA and

23  TCCWNA claims are brought by the New Jersey Class.  These claims are asserted on

24  behalf of Plaintiffs and a putative nationwide class of purchasers.

25  **III.  <u>LEGAL STANDARDS</u>**

26        Federal Rule of Civil Procedure Rule 12(b)(1) allows a party to move to dismiss

27  based on the court's lack of subject matter jurisdiction, and the Plaintiff has the

28  burden of establishing that the court has subject matter jurisdiction.  *Kroessler*, *supra*,

2019 WL 2164054, at *3.  The court resolves a facial attack to subject matter jurisdiction under Rule 12(b)(1) as it would a motion to dismiss under Rule 12(b)(6). *Sciacca v. Apple, Inc.*, 362 F. Supp. 3d 787, 795 (N.D. Cal. 2019).  A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of claims asserted in a complaint.  A claim should be dismissed if there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  A plaintiff must do more than allege "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007).  "[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The district court need not accept as true unreasonable inferences or conclusory legal allegations.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

The necessary factual allegations must state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).  The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  Allegations in the complaint are not "plausible" if they contradict one another or contradict facts that are established by the very documents on which a plaintiff relies.  *See Amore ex rel. Estates of Amore v. Accor,* 529 F. Supp. 2d 85, 94 (D.D.C. 2008), citing *Kaempe v. Myers*, 367 F.3d 958, 963 (D.C. Cir. 2004).  Even before *Twombly and Iqbal*, it was well established that courts were "not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint." *Wright v. Oregon Metallurgical Corp.*, 360 F.3d 1090, 1096 (9th Cir. 2004).

The heightened pleading requirement set forth in "Rule 9(b) applies when (1) a complaint specifically alleges fraud as an essential element of a claim, (2) when the

claim 'sounds in fraud' by alleging that the defendant engaged in fraudulent conduct, but the claim itself does not contain fraud as an essential element, and (3) to any allegations of fraudulent conduct, even when none of the claims in the complaint 'sound in fraud.'"  *Davis v. Chase Bank* U.S.A., N.A., 650 F. Supp. 2d 1073, 1089-90 (C.D. Cal. 2009), citing *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102-06 (9th Cir. 2003).  When a plaintiff's claims are based upon a unified course of fraudulent conduct, district courts have routinely applied Rule 9(b) to not only UCL, CLRA, and FAL claims, but also to claims under non-California consumer protection statutes. *See*, *e.g.*, *Keegan v. Am. Honda Motor Co.*, 838 F. Supp. 2d 929, 957-58 (C.D. Cal. 2012); *In re Actimmune Mktg. Litig.,* No. C 08-02376 MHP, 2009 WL 3740648, at *6 (N.D. Cal. Nov. 6, 2009), *aff'd*, 464 F. App'x 651 (9th Cir. 2011).  Further, courts have applied Rule 9(b) to express warranty claims.  *Fisher v. Monster Beverage Corp.*, 125 F. Supp. 3d 1007 (C.D. Cal. 2013), *aff'd in part, reversed in part*, 656 F. App'x 819 (9th Cir. 2016).  The heightened pleading standard set forth in Rule 9(b) also applies to Plaintiff's CFA claims.  *Mladenov*, *supra*, 124 F. Supp. 3d at 372.

Plaintiffs' claims are all premised on alleged fraud.  They allege that Defendant engaged in fraudulent business practices and incorporate this allegation into each cause of action.  (FAC, ¶¶ 95-96.)  Plaintiffs contend that Defendant "intentionally placed" the challenged claims on the Product's label and packaging "with the intent to induce average consumers into purchasing it."  (*Id*., at ¶ 63.)

Thus, Rule 9(b) should apply to all of Plaintiffs' claims.  Plaintiffs fail to satisfy Rule 9(b).  In fact, they have failed to even satisfy Rule 8(a), which the Court need not consider unless it finds Rule 9(a) inapplicable.  *See Vess*, *supra*, 317 F.3d at 1107.

## IV.   <u>FDCA AND NLEA EXPRESSLY PREEMPT PLAINTIFFS' CLAIMS</u>.

Plaintiffs' claims are expressly preempted because (1) state-law requirements for claims about dietary supplements differ from the FDCA requirements, and (2) Plaintiffs seek to impose a disclosure requirement on structure/function claims that is inconsistent with federal food labeling requirements.

With regard to structure/function claims, the FDA *only requires* that a
manufacturer has substantiation that the statement in question is truthful and not
misleading.  21 U.S.C. §343(r)(6).  This is in sharp contrast with California and New
Jersey consumer protection statutes, which do not recognize prior substantiation
claims by private plaintiffs.  *Scheuerman v. Nestle Healthcare Nutrition, Inc.*, No.
CIV. 10-3684 FSH PS, 2012 WL 2916827, at *6 (D.N.J. July 17, 2012); *see also
Dachauer*, *supra*, 913 F.3d at 847; *see also Franulovic v. Coca Cola Co.*, 390 Fed.
Appx. 125, 128 (3d Cir. 2010).  Further, if Plaintiffs' sought-after relief, which
severely differs from the federal requirements, is granted rather than preempted, it
would render substantiation meaningless.

The FDA comprehensively and extensively regulates food labeling through the
FDCA, 21 U.S.C. § 301, *et. seq*.  Generally, a food is misbranded if "its labeling is
false or misleading in any particular."  21 U.S.C. § 343(a)(1).  In 1990, Congress
enacted the Nutritional Labeling and Education Act ("NLEA") to amend the FDCA
and create uniform food label standards.  Pub. L. No. 101-535, 104 Stat. 2353 (1990).
The NLEA adds an express preemption provision, § 343-1(a)(5), which "preempts
state-law requirements for claims about dietary supplements that *differ* from the
FDCA's requirements."  *Dachauer*, *supra*, 913 F.3d at 847-48, emphasis added.
Hence, no state may adopt food labeling requirements that are different from, or
additional to, those imposed and governed by the NLEA.  *See In re Pepsico, Inc.,
Bottled Water Mktg. & Sales Practices Litig.*, 588 F. Supp. 2d 527, 532 (S.D.N.Y.
2008); *see also Turek v. Gen. Mills, Inc*., 662 F.3d 423, 427 (7th Cir. 2011) ("It is
easy to see why Congress would not want to allow states to impose disclosure
requirements of their own on packaged food products, most of which are sold
nationwide.  Manufacturers might have to print 50 different labels...").

### A. <u>The Representations at Issue Are Structure/Function Claims</u>.

"A structure/function claim 'describes the role of a nutrient or dietary
ingredient intended to affect the structure or function in humans' or 'characterizes the

-8-

documented mechanism by which a nutrient or dietary ingredient acts to maintain

such structure or function,' but 'may not claim to diagnose, mitigate, treat, cure, or

prevent a specific disease or class of diseases.'" *Kroessler, supra*, at *4, quoting 21

U.S.C. § 343(r)(6).

Section 343(r)(6), which establishes the requirements for structure/function

claims, falls under subsection (r)(1)'s umbrella, "[s]o, a structure/function claim

made under § 343(r)(6) is a 'claim of the type described in section 343(r)(1).'

*Dachauer*, *supra*, 913 F.3d at 847, quoting 21 U.S.C. § 343-1(a)(5).  The FDCA also

classifies dietary supplements as food, "[t]hus, a structure/function claim also

constitutes a claim 'made in the label or labeling of food.'" *Id.*, quoting § 343-

1(a)(5).

"The FDA has published guidance in the Federal Register discussing, among

other things, acceptable structure/function claims." *Id.*, citing *Regulations on

Statements Made for Dietary Supplements Concerning the Effect of the Product on

the Structure or Function of the Body*, 65 Fed. Reg. 1000-01 (Jan. 6, 2000) ("The

Guidance").  "The [G]uidance recognizes that structure/function claims may use

general terms such as 'strengthen,' 'improve,' and 'protect,' as long as the claims 'do

not suggest disease prevention or treatment.' *Id.*, quoting The Guidance at 1028.

Statements that GCE can support weight management and appetite control are

archetypal structure/function claims of the sort the FDA has determined to be

appropriate.  The Guidance, 65 FR at * 1027.  The Product specifically provides that

"[a]long with diet and exercise, Garcinia Cambogia is a great way to support your

overall weight management plan."  (FAC, ¶ 23.)  Plaintiffs' claims are all predicated

on the representations pertaining to GCE supporting an overall weight management

plan and appetite control.  (*Id.*, ¶¶ 52, 54, 94, 111, 121-Exh. 1, 125, 128, 134, 139,

153, 164.)  Plaintiffs acknowledge that the representations at issue are structure/

function claims.  (*Id.*, ¶ 52.)  They even cite an article detailing how the FDA

regulates dietary supplements including GCE.  (*Id.*, ¶ 44; RJN Exh. 4, pp. 11-12.)

B. **Plaintiffs' Claims Are Preempted Because They Are Inconsistent with Federal Requirements for Structure/Function Claims**.

Plaintiffs' claims are inconsistent with the carefully crafted and very specific federal requirements for structure/function claims.  Under federal law, "[s]tructure/function claims must meet three requirements: (1) the manufacturer has substantiation that the statement is truthful and not misleading; (2) the statement contains a prominent disclaimer that the Food and Drug Administration ('FDA') has not evaluated the statement and that the product 'is not intended to diagnose, treat, cure, or prevent any disease'; and (3) the statement itself does not 'claim to diagnose, mitigate, treat, cure, or prevent' disease."  *Kroessler, supra*, 2019 WL 2164054, at *4, quoting 21 U.S.C. § 343(r)(6).

Both California and New Jersey law conflict with federal law.

"[T]he case law is clear… ***that prior substantiation claims are not cognizable under the NJCFA, UCL, FAL, or CLRA***."  *Scheuerman*, *supra*, 2012 WL 2916827, at *6 (emphasis added) (dismissing CLRA, FAL, and UCL claims as they were based solely on allegations that the defendant's representations were not sufficiently substantiated); *see also Dachauer, supra*, 913 F.3d at 847 ("Although the FDCA requires manufacturers to have substantiation for their structure/function claims, California law does not allow private plaintiffs to demand substantiation for advertising claims[]"); *see also Franulovic*, *supra*, 390 Fed. Appx. at 128 ("a New Jersey Consumer Fraud Act claim cannot be premised on a prior substantiation theory of liability").

1. *Korolshteyn v. Costco Wholesale Corp.*

*Korolshteyn* is directly on point.  There, the district court held that a structure/function claim is preempted when the plaintiff claims that the defendant's products are "useless," as opposed to harmful.  2019 WL 2617043, at *3.  The court explained the exception recognized by the Ninth Circuit in *Dachauer* applies when the plaintiff alleges the defendants' products are harmful.  *Id.*  Korolshteyn alleged

-10-

that the labels of TruNature Gingko Bilboa with Vinpocetine falsely represent that the product "supports alertness & memory," that "Gingko biloba can help with mental clarity and memory," and that "[i]t also helps maintain healthy blood flow to the brain to assist mental clarity and memory, especially occasional mild memory problems associated with aging." *Id.*, at *1. Korolshteyn further alleged the "representations are false because studies show that Gingko biloba and vinpocetine do not provide any mental clarity, memory or mental alertness benefits." *Id.*

Similar to Plaintiffs in the case at bar, Korolshteyn argued that notwithstanding a proper structure/function claim under Section 343(r)(6), the manufacturer can still be held liable under California's false advertising statute if such claims are false and misleading. *Id.*, at *3. The district court flatly rejected this contention.

> "Plaintiff states that... [the defendants] could sell anything, falsely claim that it helps memory function, and any falsity claim would be preempted. The Court is not persuaded by Plaintiff's mischaracterization of the federal requirements. ***As stated above, the first requirement for structure/function claims under the NLEA is that the manufacturer has substantiation that the statement is truthful and not misleading. While not defined, a common-sense interpretation of substantiation involves competent and reliable scientific evidence. The federal labeling requirements prevent a manufacturer from circumventing the substantiation requirements and making improbable representations where no competent and reliable scientific evidence would exist***."

*Id.*, at *3, emphasis added.

The court granted the defendants' renewed motion for summary judgment on preemption grounds and deemed the motion to decertify the class as moot, holding that "the NLEA preempts Plaintiff's state false advertising claims." *Id.*, at *1, 3.

"Defendants' Label Claims are permissible structure/function claims pursuant to the FDA's guidance and meet all the federal labeling

-11-

1    requirements.    Defendants' Label Claims do not suggest disease

2    prevention or treatment and use acceptable general terms to represent that

3    the product 'supports alertness & memory,' that 'Gingko biloba can help

4    with mental clarity and memory,' and that '[i]t also helps maintain

5    healthy blood flow to the brain to assist mental clarity and memory,

6    especially occasional mild memory problems associated with aging.'"

7  *Id*., at \*3.

8            **2.  *Kroessler v. CVS Health Corp.***

9            *Kroessler* is also on point.  There, the plaintiff alleged that the representations

10  at issue were "false and misleading and therefore his state law claims are not

11  inconsistent with the federal requirements."  *Kroessler*, *supra*, 2019 WL 2164054, at

12  \*4.  The district court rejected this argument.  "While Plaintiff cites to numerous

13  studies and clinical trials to demonstrate that glucosamine and other primary

14  ingredients in the Products are ineffective at supporting or benefitting joint health, the

15  federal requirements ***only require*** that the manufacturer has 'substantiation that the

16  statement is truthful and not misleading.'"  *Id.*, at \*5, citing 21 U.S.C. §343(r)(6),

17  emphasis added.  As such, "because Defendant's Representations are proper

18  structure/function claims as permitted by federal requirements," the plaintiff's state

19  law CLRA and UCL claims and its breach of express warranty claim, which "seek to

20  impose state-law requirements that differ from the federal requirements[,]" are

21  expressly preempted and dismissed with prejudice.  *Id.*, at \*5.

22          **3.  Plaintiffs' Claims Are Expressly Preempted**.

23          Plaintiffs' FAC expressly alleges that the statements at issue "are structure

24  function claims[]" and that ***"[t]hese claims violate 21 U.S.C. 343(r)(6)*** because the

25  weight of scientific evidence does not support these claims as being 'truthful and not

26  misleading' as required.  21 U.S.C. 343(r)(6)."  (FAC, ¶¶ 53-54, emphasis added.)

27  Because Plaintiffs cannot assert a private cause of action for a violation of the federal

28  substantiation requirements, Plaintiffs attempt to convert such alleged claim into a

-12-

1 | violation of various California and New Jersey statutes.  *See*, *e.g.*, *Merrell Dow*
2 | *Pharm. Inc. v. Thompson*, 478 U.S. 804, 812, 106 S. Ct. 3229, 3234 (1986) (FDCA
3 | does not provide for a private cause of action); 21 C.F.R. § 7.1 *et seq*. (FDCA
4 | enforces its regulations through administrative proceedings).  Yet, the Ninth Circuit
5 | recently made it clear that the federal substantiation requirement differs from
6 | California law.  *Dachauer, supra*, 913 F.3d at 847.

7 | Like in *Kroessler*, Plaintiffs cite to numerous studies and contend such studies
8 | find that GCE is ineffective for weight loss in a flawed attempt to convert the Court
9 | into a laboratory and resolve the purported conflict of evidence.  (FAC, ¶¶ 28-43, 54.)
10 | However, regardless of whether conflicting studies exist, "the federal requirements
11 | ***only require*** that the manufacturer has 'substantiation that the statement is truthful
12 | and not misleading.'"  *Kroessler*, *supra,* at *5.

13 | Moreover, Plaintiffs contend that SR has a duty to "reveal the fact that
14 | numerous randomized, controlled human trials demonstrate that Garcinia Cambogia
15 | is not effective or capable of aiding weight loss[] (FAC, ¶ 51), that SR "omitted
16 | material information from its advertising" (*id*., ¶ 112), and seek an order compelling
17 | SR to "conduct a correct advertising campaign[]" (*id*., Prayer For Relief, ¶ e).  But
18 | once again, federal law "only require[s]" substantiation.  *Kroessler*, *supra*, at *5.

19 | Further, the federal regulations also require a prominent disclaimer that the
20 | FDA has not evaluated the statements and the product "is not intended to diagnose,
21 | treat, cure, or prevent, any disease[,]" as seen on SR's label.  *Kroessler*, *supra*, 2019
22 | WL 2164054, at *4, citing 21 U.S.C. § 343(r)(6); FAC, p. 8.  There is no such
23 | requirement under state law.

24 | As such, Plaintiffs' claims, which all impermissibly seek to convert a federal
25 | substantiation claim into state law claims with requirements different from and in
26 | addition to the federal substantiation requirement, are all federally preempted and
27 | should be dismissed with prejudice.

28 |

-13-

## V.   <u>PLAINTIFFS' CLAIMS FAIL UNDER THE PRIMARY JURISDICTION DOCTRINE</u>.

If this Court does not find express preemption, this Court should exercise its discretion to dismiss this case without prejudice based upon the FDA's primary jurisdiction to determine the issue.  The primary jurisdiction doctrine allows courts to stay proceedings or dismiss a complaint without prejudice pending resolution of an issue within the agency with primary jurisdiction or special competence in the area.  *Clark v. Time Warner Cable*, 523 F.3d 1110, 1114 (9th Cir. 2008).  Plaintiffs' claims are all predicated on whether or not the representations at issue consist of proper structure/function claims.  (FAC, ¶¶ 52, 54.)

The primary jurisdiction doctrine applies in cases like this one where there is: "(1) the need to resolve an issue that (2) has been placed by Congress within the jurisdiction of an administrative body having regulatory authority (3) pursuant to a statute that subjects an industry or activity to a comprehensive regulatory scheme that (4) requires expertise or uniformity in administration."  *Haggag v. Welch Foods, Inc*., No. CV 13-00341-JGB (OPx), 2014 WL 1246299, at *3 (C.D. Cal. Mar. 24, 2014), quoting *U.S. v. General Dynamics Corp.,* 828 F.2d 1356, 1362 (9th Cir. 1987).

Here, Plaintiffs contend that advertising of weight loss products "is truly an epidemic[,]" and cites various studies on GCE.  (FAC, ¶¶ 12, 28-45.)  Further, Congress placed the authority to extensively regulate dietary supplements with the FDA through the FDCA.  (*See id*., ¶ 44; RJN, Exh. 4, pp. 11-12.)  Finally, the FDA's expertise and uniformity in administration is needed.  Regardless of the labels in Plaintiff's FAC, this action fundamentally challenges the ability of ***any*** manufacturer or distributor to sell GCE products, because Plaintiff contends that such products are "incapable of providing any dietary benefits."  (FAC, ¶ 54.)  Plaintiffs could file the same complaint against every single GCE manufacturer and simply substitute in the precise language used by the manufacturer regarding GCE's link to weight management and appetite control.  In sum, Plaintiffs are asking the Court to be the

-14-

arbiter of biological studies about the efficacy of GCE, rather than the FDA, the federal agency authorized to promulgate rules and guidelines regarding the Product.

## VI. PLAINTIFFS' CLAIMS SHOULD BE DISMISSED FOR LACK OF STANDING UNDER FED. R. CIV. P. 12(b)(1) BECAUSE THE COURT LACKS SUBJECT MATTER JURISDICTION.

### A. Plaintiffs Lacks Standing for Injunctive Relief Because They Do Not Allege Intent to Purchase the Product Again.

To have standing to seek prospective injunctive relief, a plaintiff must "demonstrate a real and immediate threat of repeated injury in the future." *Chapman v. Pier 1 Imports (U.S.) Inc*., 631 F.3d 939, 946 (9th Cir. 2011) (internal quotations marks omitted).  In a class action, "[u]nless the named plaintiffs are themselves entitled to seek injunctive relief, they may not represent a class seeking that relief." *Hodgers-Durgin v. de la Vina*, 199 F.3d 1037, 1045 (9th Cir. 1999).

The Ninth Circuit just confirmed that a plaintiff lacks Article III standing to seek injunctive relief against false advertising or labeling if the plaintiff alleges that the product is "worthless." *Min Sook Shin*, *supra*, 2019 WL 2338467, at *1.  "As the district court reasoned, 'a plaintiff certainly will not purchase a worthless product in the future.'" *Id*.

Here, Plaintiff alleges that the "Product, which has the sole intended purpose as a dietary aid, is ***worthless*** since it is incapable of providing any such benefits" (FAC, ¶ 68); and "Plaintiffs would not have purchased the Product if they knew it was misbranded . . .and thus is legally ***worthless*.**" (*Id.*, at ¶ 72, emphasis added). "[A] plaintiff certainly will not purchase a worthless product in the future." *Min Sook Shin, supra*, 2019 WL 2338567, at *1.  As such, Plaintiffs lack Article III standing to pursue any injunctive relief claims.

### B. Plaintiffs Fail To Allege a Sufficient Causal Connection Between Their Alleged Injuries and the Alleged Deceptive Acts of SR.

"[I]n class actions, the named representatives must allege and show that they

-15-

1   personally have been injured, not that injury has been suffered by other, unidentified

2   members of the class to which they belong and which they purport to represent."

3   *Pence v. Andrus*, 586 F.2d 733, 736-37 (9th Cir. 1978).  If a named representative

4   cannot satisfy the Article III standing requirement, then he or she cannot maintain any

5   claims on behalf of himself or any other putative class member.  *Lierboe v. State*

6   *Farm Mut. Auto Ins. Co.*, 350 F.3d 1018, 1022 (9th Cir. 2003).

7        In the case of *In re iPhone Application Litig.*, 6 F. Supp. 3d 1004, 1015 (N.D.

8   Cal. 2013), the District Court concluded that the plaintiffs must demonstrate that they

9   actually relied on Apple's alleged misrepresentations to establish standing under

10  Article III, the CLRA and UCL.  "For the Plaintiffs' harm to be 'fairly traceable' to

11  Apple's misrepresentations, Plaintiffs must have seen the misrepresentations and

12  taken some action based on what they saw—that is, Plaintiffs must have actually

13  relied on the misrepresentations to have been harmed by them.  *Id*.

14       Plaintiffs allege that Defendant engages in false and misleading advertising

15  because it "promises that 'along with diet and exercise, Garcinia Cambogia is a great

16  way to support your overall weight management plan.'" (FAC, ¶ 23.)  Based on this,

17  Plaintiffs allege they believed that "the Product was an effective dietary aid that would

18  provide weight-loss benefits and would help them lose weight and help control their

19  appetite." (FAC, ¶ 58.)  These allegations do not make sense because nowhere on the

20  label does it state that the Product provides weight-loss benefits.  If the phrase "great

21  way to support your overall weight management plan" can even be construed as a

22  representation, it does not make any promises concerning weight loss and is expressly

23  conditioned on diet and exercise.  Conspicuously absent from the FAC is any

24  allegation that Plaintiffs engaged in diet and exercise, demonstrating that Plaintiffs

25  could not possibly have relied on the label.  Moreover, Plaintiff Capaci alleges he

26  purchased the Product on multiple occasions, begging the question: if the Product did

27  not work the first time, why did he purchase it again? (FAC, ¶ 9.)

28       Plaintiffs further contend that they did not obtain the benefits promised.  (FAC,

-16-

1   ¶ 61.)  Yet, Plaintiffs fail to allege what benefits they failed to obtain.  They do not

2   allege any causal connection between the specific statements on the label and the

3   benefits they did not receive.

4        As such, Plaintiffs lack Article III standing to pursue their claims.

5   **VII.**    **PLAINTIFFS FAIL TO STATE CLAIMS UPON WHICH RELIEF CAN**

6        **BE GRANTED, BECAUSE THEY DO NOT PLEAD FACTS SHOWING**

7        **THAT THE CHALLENGED LABEL STATEMENTS ARE FALSE.**

8        Even if this Court does not find that Plaintiffs' claims are expressly preempted

9   or that dismissal is appropriate under the primary jurisdiction doctrine, because

10  Plaintiffs have not and cannot plead facts to satisfy Rule 9(b) (or Rule 8) showing that

11  the challenged label statements are false, dismissal of Plaintiffs' claims under Fed. R.

12  Civ. P. 12(b)(6) is appropriate.  The FAC is based entirely on allegations related to

13  whether claims that GCE, in conjunction with diet and exercise, can support weight

14  management and appetite control were properly substantiated.  (FAC, ¶¶ 52, 54, 94,

15  112, 122-Exh. 1, 125, 128, 134, 139, 153, 164.)  Just like in New Jersey, *see*

16  *Mladenov*, *supra*, 124 F. Supp. 3d at 376-77, private plaintiffs lack standing to assert

17  such a claim in California.

18       In *Kwan*, *supra*, 854 F.3d 1088, 1092, 1096, Kwan asserted claims under the

19  UCL and CLRA, alleging that by representing that human growth hormone ("HGH")

20  has been associated with various benefits, defendants are implying such claims are

21  backed by scientific proof.  The Ninth Circuit, however, held that "[t]hese allegations

22  are conclusory and do nothing to support or prove the falsehood of the claims.  Instead

23  each of these is simply an allegation that defendant's marketing claims lack scientific

24  substantiation.  Since California law does not provide a private cause of action for

25  claims that advertising lacks substantiation, the failure to allege specific facts pointing

26  to actual falsehood constitutes a fatal flaw."  *Id.* at 1096-97.  Accordingly, the Ninth

27  Circuit affirmed the district's court dismissal of the complaint under Rule 12(b)(6).

28       However, "courts have applied *Kwan's* holding to all causes of actions

-17-

premised on a lack-of-substantiation theory…" because otherwise the policy rationale underlying Kwan would be "wholly undermined[.]"  *Tubbs v. AdvoCare Int'l, LP*, No. CV17-4454 PSG (AJWx), 2017 WL 4022397, at *5, fn. 1 (C.D. Cal. Sept. 12, 2017). In fact, in *Barrera v. Pharmavite, LLC*, No. CV 11–04153 CAS, 2011 WL 13098477, at *2-3 (C.D. Cal. Sept. 19, 2011), the district court dismissed an express warranty claim, in addition to CLRA and UCL claims, because, "when considered as a whole as it must be for purposes of a 12(b)(6) motion, the complaint primarily alleges the claims on defendant's labels lack substantiation."

Plaintiffs bear the burden to establish the defendant's claims are false or misleading "by testing, scientific literature, or anecdotal evidence."  *National Council Against Health Fraud, Inc. v. King Bio Pharmaceuticals, Inc*., 107 Cal. App. 4th 1336, 1348 (2003).  Alleging (1) substantiation cannot be found or that (2) no randomized controlled clinical trial and published report exists does not satisfy Plaintiffs' extremely heavy pleading burden.  *Franz v. Beiersdorf, Inc.,* No. 14cv2241-LAB (RBB), 2015 WL 4659104, at *3 (S.D. Cal. Aug. 5, 2015) (finding alleged misrepresentations claims failed to state cognizable claim).

Consumer protection claims fail where the complaint "lacks any factual allegations supporting the critical assertion that Defendant's claims about the Product are misleading because the Product as a whole cannot deliver the promised benefits." *Hodges v. Vitamin Shoppe, Inc.*, No. 13-3381 (SRC), 2014 WL 200270, at *4 & n.2 (D.N.J. Jan. 15, 2014) (dismissing consumer protection claims where "the conclusion on which Plaintiff bases his allegation that Defendant's representations about the Product are false requires a leap from the existing scientific research"); *Padilla v. Costco Wholesale Corp.,* No. 11 C 7686, 2013 WL 195769, at *3 (N.D. Ill. Jan. 16, 2013) (dismissing consumer protection claim where plaintiff "fails to make any connections between the findings and conclusions of the cited studies and the representations actually appearing on the [product] with [the] product label").

Here, the FAC pertains to substantiation of claims that GCE, along with diet

-18-

1   and exercise, is a great way to support one's overall weight management plan, and that

2   it supports appetite control.  Thus, Plaintiffs must allege these specific claims are

3   actually false.  ***The studies to which Plaintiffs cite, however, do not even pertain to***

4   ***weight management or appetite control, let alone an overall weight management***

5   ***plan in conjunction with diet and exercise***.  Instead, the studies look at "weight loss"

6   (FAC, ¶¶ 29, 32, 33, 34, 37, 39, 44, 45), "satiety" (*id.,* at ¶ 33), or fat reduction (*id.*, at

7   ¶¶ 30, 34, 39).  But Defendant's label makes no claims regarding weight loss, satiety,

8   or fat reduction.  Indeed, the only study referenced by Plaintiffs which deals with

9   claims remotely similar to those on Defendant's labels merely indicated that GCE "did

10  not show dietary efficacy." (*Id.*, at ¶ 36).  Leaving aside that Defendant did not claim

11  "dietary efficacy" and that the term is extremely vague and not linked to exercise, a

12  study saying GCE "did not show" a result in question is not evidence of falsity, but, at

13  best, lack of substantiation.

14          None of the studies cited in the FAC show that HCA is ineffective in all

15  circumstances.  ***First***, the Heymsfield Study[2] "failed to detect a weight loss or fat

16  mobilizing effect" of HCA but raised the question of "whether there exists conditions

17  differing from those used in the present study that might support hydroxycitric acid

18  efficacy."  (RJN, Exh. 3 at 1599.)  ***Second***, the van Loon Study[3] found further

19  investigation necessary to determine "whether and to what extent a certain dose of

20  HCA can inhibit dietary intake and be an effective aid in weight-loss studies in

21  humans."  (RJN, Exh. 5 at 1446.)  ***Third***, the point of the Yonei study[4] was to

22

23  _____

[2] Heymsfield et al., *Garcinia Cambogia (Hydroxycitric Acid) as a Potential*

24  *Antiobesity Agent*, 280 J. Am. Med. Assoc. 1596 (1998) ("Heymsfield Study") (FAC, ¶¶ 29-31; RJN, Exh. 3.)

25  [3] van Loon L et al., *Effects of acute (-)-hydroxycitrate supplementation on substrate*

26  *metabolism at rest and during exercise in humans*, 72 A. J. Clin. Nutr. 1445 (2000) ("van Loon Study").  (FAC, ¶ 34; RJN, Exh. 5.)

27  [4] Yonei Y et al., *Effects on the Human Body of a Dietary Supplement Containing L-*

28  *Carnitine and Garcinia Cambogia Extract: A Study using Double-blind Tests*,

determine the anti-aging effects, not weight loss, of a supplement that was a combination of Garcinia and L-carnitine (RJN, Exh. 6 at 90), not to determine whether or not GCE supplementation provides "dietary efficacy."  **Fourth**, by citing the Kim Study[5], Plaintiffs admit that studies have linked GCE to weight loss and appetite control, as the study specifically notes a recent meta-analysis of nine human clinical studies suggesting that GCE may cause short-term weight loss and another study that found that HCA supplementation "increase[s] release of serotonin, a neurotransmitter implicated in the regulation of eating behavior and appetite control."  (RJN, Exh. 7 at 2.)  **Fifth**, the *Mattes* Study[6] focused solely on the efficacy of HCA for **weight loss**— not support for an overall weight management plan (RJN, Exh. 8 at 88), which Plaintiffs themselves acknowledge (FAC, ¶ 33 ("[HCA] reportedly promotes **weight loss**"… "through **suppression of hunger**[.]" Emphasis added.))

In sum, Plaintiffs cannot satisfy the burden of alleging falsity.  In fact, they cannot quote a study which demonstrates the actual falsity of whether GCE, in conjunction with diet and exercise can support an overall "weight management plan" and whether it "supports appetite control."  Plaintiffs do not even cite any studies which call into doubt such statements.  There are no factual allegations bridging any scientific studies to the conclusion sustaining the alleged falsity of the specific language at issue.  *See Eckler v. Wal-Mart Stores, Inc,* No. 12-CV-727-LAB-MDD, 2012 WL 5382218, at *8 (S.D. Cal. Nov. 1, 2012) (dismissing UCL and CLRA claims where plaintiff did not sufficiently allege "why the studies she cites… contradict the

---

42 J. Clin. Biochem. Nutr. 89 (2008) ("Yonei Study").  (FAC, ¶ 36; RJN, Exh. 6.)

[5] Kim et al., *Does Glycine max leaves or Garcinia Cambogia promote weight-loss or lower plasma cholesterol in overweight individuals: a randomized control trial*, 10 Nutr. J. 94 (2011) ("Kim Study").  (FAC, ¶ 49; RJN, Exh. 7.)

[6] Mattes R et al., *Effects of (-)-hydroxycitric acid on appetite variables*.  Physiol Behav 71:87-94 (2000) ("Mattes Study").  (FAC, ¶ 33; RJN, Exh. 8.)

1  actual representations at issue"); *see also Hodges*, *supra*, 2014 WL 200270, at *8

2  (dismissed New Jersey Consumer Fraud Claim, noting scientific studies cited were

3  inapposite to crucial assertion that representations about product's benefits are false.)

4       For these reasons, Plaintiffs' claims must all be dismissed.

5  **VIII.**  **PLAINTIFFS HAVE NOT PLED ACTUAL RELIANCE OR**

6         **CAUSATION WITH THE REQUISITE PARTICULARITY.**

7       Plaintiffs' UCL, FAL, and CLRA claims fail because when they sound in fraud,

8  "'plaintiffs are required to prove actual reliance on the allegedly deceptive or

9  misleading statements, and that the misrepresentation was an immediate cause of the

10  injury-producing conduct.'" *Fisher, supra*, 125 F. Supp. 3d at 1026, quoting *Sateriale*

11  *v. R.J. Reynolds Tobacco Co*., 697 F.3d 777, 793-94 (9th Cir. 2012).

12       In *Kearns v. Ford Motor Co*., 567 F.3d 1120, 1123 (9th Cir. 2009), the Ninth

13  Circuit affirmed the District Court's dismissal of the Third Amended Complaint based

14  on the plaintiff's failure to satisfy Rule 9(b).  "Nowhere in the TAC does Kearns

15  specify what the television advertisements or other sales material specifically stated.

16  ***Nor did Kearns specify when he was exposed to them or which ones he found***

17  ***material***."  *Id.* at 1126, emphasis added.

18       For all the reasons Plaintiffs cannot satisfy Article III as set forth in Section VI-

19  B above, Plaintiffs fail to plead reliance and causation with the requisite specificity.

20  **IX.**    **PLAINTIFFS' NEW JERSEY CONSUMER PROTECTION CLAIMS**

21         **SHOULD BE DISMISSED.**

22       Plaintiffs' seventh claim (CFA) and eighth claim (violation of TCCWNA) fail.

23       "To prevail under the CFA, a plaintiff must not only prove 'unlawful conduct

24  by defendant,' but must also demonstrate 'an ascertainable loss by plaintiff' and 'a

25  causal relationship between the unlawful conduct and the ascertainable loss.'"

26  *Dugan v. TGI Fridays, Inc*., 231 N.J. 24, 52, 171 A.3d 620, 636 (2017).

27       Regarding an ascertainable loss, in *Mladenov*, *supra*, 124 F. Supp. 3d at 376,

28  the court explained that under New Jersey law, the plaintiffs fail to sufficiently allege

an ascertainable loss based on paying a price premium "where plaintiffs failed to allege a comparable product to the one they actually received so as to provide a basis for calculating damages with a reasonable degree of certainty."  Here, Plaintiffs use a benefit-of-the-bargain theory as a form of ascertainable loss and allege the Product is worthless (FAC, ¶¶ 68-70), yet fail to identify a specific comparable product.

Regarding the causal connection, Plaintiffs' alleged loss is paying an alleged premium or purchasing a Product they contend did not provide the stated benefits, yet Plaintiffs fail to allege what knowledge they had of GCE, a popular ingredient, from sources other than SR nor do they allege whether they engaged in diet and exercise while using the Product, two components which would be necessary for a connection to exist between the label statements and Plaintiffs' alleged loss.

Under the TCCWNA, Plaintiffs must allege a violation of a "clearly established legal right" or "responsibility."  N.J.S.A. 56:12–15.  Because Plaintiffs fails to allege a viable CFA claim, they cannot allege a viable TCCWNA claim based on such alleged CFA violation.  *See*, *e.g.*, *Mladenov*, *supra*, 124 F. Supp. 3d at 380 (holding plaintiffs failing to state viable claims under CFA or federal food labeling regulation establish no violation of "clearly established legal right" under TCCWNA).

## X.   PLAINTIFFS' NEGLIGENT REPRESENTATION CLAIM IS BARRED UNDER THE ECONOMIC LOSS RULE.

The economic loss rule bars negligent misrepresentation claims relating to the purchase of a product unless the plaintiff can allege personal injury or damages to property other than the product itself.  *Resnick*, *supra*, 2017 WL 1531192, at *10 (dismissing negligent misrepresentation claim under economic loss rule).

In *Tasion Commc'ns, Inc. v. Ubiquiti Networks, Inc.*, No. C-13-1803 EMC, 2013 WL 4530470, at *10, (N.D. Cal. Aug. 26, 2013), the plaintiff alleged that the defendant made false misrepresentations in its marketing materials about the qualities of TOUGHCable.  The district court construed such allegations as "nothing more than the product it purchased was defective and did not live up to the expectations that had

1  been created by the Defendant's advertising." *Id*.  The district court held that because

2  the alleged misrepresentations pertain to advertising and similar materials that class

3  members saw and relied upon, "the representations fall fairly within the scope of

4  contract terms including product warranties contained therein.  They do not constitute

5  misrepresentations collateral to and outside the scope of contractual promises…" *Id*.

6  at *11.  As such, the court held that "the claimed misrepresentation here does not

7  place Plaintiff's claim outside the economic loss rule." *Id*.

8       Plaintiffs here, similar to the plaintiffs in *Tasion*, allege the Product did not live

9  up to their expectations based on the representations and that they purely suffered

10  "economic injury[]." (FAC, ¶ 68 (product is worthless); ¶ 73 (Plaintiffs did not receive

11  what they paid for); ¶ 84 (Plaintiffs suffered "economic injury").   Plaintiffs do not

12  allege they were harmed in any way from the Product or suffered damages unrelated

13  to the amount they paid for the Product.  Thus, the negligent misrepresentation claim

14  is barred by the economic loss rule.

15  **XI.  PLAINTIFFS FAIL TO ALLEGE PUNITIVE DAMAGES WITH THE**

16  **REQUISITE SPECIFICITY.**

17       To support a prayer for punitive damages, Plaintiffs rely on only conclusory

18  allegations that "[t]he senior officers and directors of Defendant allowed the Product

19  to be sold with full knowledge or reckless disregard that the challenged claims are

20  fraudulent, unlawful, and misleading."  (FAC, ¶ 75.)  However, Plaintiffs must still

21  satisfy the requirements of *Twombly* and *Iqbal* but fail to do so*.  See Diaz v. Bank of*

22  *Am. Home Loan Servicing, L.P.*, No. CV 09-9286 PSG (MANx), 2011 WL 13046844,

23  at *5 (C.D. Cal. July 8, 2011) (granting the defendants' motion to dismiss the

24  plaintiff's demands for punitive damages for lack of sufficient factual detail); *see also*

25  *GBTI, Inc. v. Ins. Co. of Pennsylvania*, No. CV F 09-1173 LJO DLB, 2009 WL

26  2365409, at *8 (E.D. Cal. July 29, 2009) (striking punitive damages where complaint

27  contained only "platitudes and a conclusory paragraph which essentially summarizes

28  section 3294 elements").  Accordingly, Plaintiffs "fail[] to allege any specific conduct

1  on the part of an identifiable individual who could reasonably be inferred to have

2  decision making power over corporate policy." *Bouncing Angels, Inc.*, *supra*, 2017

3  WL 1294004, at *4.

4       In the case at bar, to the extent such claims remain after this motion to dismiss,

5  Plaintiffs have pled claims for breach of express warranty, breach of implied

6  warranty, and for legal damages under the CLRA.  These three claims rely on the

7  same underlying allegations as Plaintiffs' claims under the UCL, FAL, CFA,

8  TCCWNA, and as to Plaintiffs' request for equitable relief under the CLRA.  As

9  such, these claims must be dismissed.

10  **XII.   DISGORGEMENT OF PROFITS IS NOT AN AVAILABLE REMEDY.**

11       The prayer for relief seeks "disgorgement of Defendant's profits[.]" (FAC,

12  ¶ 166(g).)  Yet, none of Plaintiffs' claims allow for such relief.  In California,

13  disgorgement of profits is not available under the UCL, FAL, or CLRA in an

14  individual lawsuit or class action.  *Wood v. Midland Credit Mgmt.,* No. CV 05-3881

15  FMC (MANx), 2005 WL 3159639, at *5 (C.D. Cal. July 29, 2005); *Feitelberg v.*

16  *Credit Suisse First Boston, LLC*, 134 Cal. App. 4th 997, 1013 (2005).  In New Jersey,

17  the CFA limits damages to "ascertainable loss."  N.J.S.A. 56:8–19.  As discussed in

18  Section IX above, Plaintiffs cannot seek damages under TCCWNA without asserting

19  viable CFA claim.  *See*, *e.g.*, *Mladenov*, *supra*, 124 F. Supp. 3d at 380.

20       While Plaintiffs can seek restitutionary disgorgement, Plaintiffs' prayer for

21  relief seeks ***both*** restitution (FAC, ¶ 166(f)) ***and*** "disgorgement of Defendant's profits

22  that were obtained from ill-gotten gains….") (*id.*, ¶ 166(g).)  Disgorgement,

23  particularly as phrased by Plaintiffs, is a broader remedy than restitution.  *SkinMedica,*

24  *supra*, 869 F. Supp. 2d 1176, 1184.  Thus, dismissal of Plaintiffs' claims for

25  disgorgement of profits is appropriate.  *See e.g. Whittlestone, Inc. v. Handi-Craft Co*.,

26  618 F.3d 970, 972 (9th Cir. 2010) (argument concerning inability to recover damages

27  as a matter of law is more properly advanced on a motion to dismiss than on a motion

28  to strike).

1  **XIII.   ALL EQUITABLE CLAIMS MUST BE DISMISSED AS PLAINTIFFS**

2  **HAVE NOT PLED AN INADEQUATE REMEDY AT LAW.**

3         As the United States Supreme Court and Ninth Circuit have held: "It is a basic

4  doctrine of equity jurisprudence that courts of equity should not act… when the

5  moving party has an adequate remedy at law…" *Franklin v. Gwinnett Cnty. Pub.*

6  *Sch.*, 503 U.S. 60, 75–76 (1992); *Mort v. United States*, 86 F.3d 890, 892 (9th Cir.

7  1996), internal citation omitted.  As such, "[a] plaintiff seeking equitable relief in

8  California must establish that there is no adequate remedy at law available." *Philips*

9  *v. Ford Motor Co.*, No. 14-CV-02989-LHK, 2015 WL 4111448, *16 (N.D. Cal. July

10  7, 2015).  Where an equitable relief claim "relies upon the same factual predicates as

11  a plaintiff's legal causes of action, it is not a true alternative theory of relief but rather

12  is duplicative of those legal causes of action." *In re Ford Tailgate Litig,*, No. 11-CV-

13  2953-RS, 2014 WL 1007066, *5 (N.D. Cal. Mar. 12, 2014).  "Where the claims

14  pleaded by a plaintiff *may* entitle her to an adequate remedy at law, equitable relief is

15  unavailable." *Rhynes v. Stryker Corp.*, No. 10-5619 SC, 2011 WL 2149095, at *4

16  (N.D. Cal. May 31, 2011).  In such situations, courts have routinely dismissed

17  equitable claims, including unfair competition and false advertising claims, and any

18  equitable relief claims under the CLRA.  *See Green Crush LLC v. Paradise Splash I,*

19  *Inc.*, No. SA-CV-1701856-CJC(JDEx), 2018 WL 4940825, at *6 (C.D. Cal. May 3,

20  2018) (dismissing UCL claim with prejudice because it is based on same underlying

21  allegations as other claims); *Zapata Fonseca v. Goya Foods Inc.*, No. 16-cv-02559-

22  LHK, 2016 WL 4698942, at *7 (N.D. Cal. Sept. 8, 2016) (dismissing claims for

23  equitable relief under the CLRA, UCL, and FAL because plaintiff pled five other

24  claims which presented her an adequate remedy at law).

25  **XIV.   CONCLUSION**

26         In conclusion, Defendant requests dismissal of the FAC and each of Plaintiffs'

27  claims with prejudice.  Alternatively, if the Court permits Plaintiffs to re-plead any

28  claims, such pleading should be ordered to meet the heightened Rule 9(b) standard.

DEFENDANT SPORTS RESEARCH CORPORATION'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

1    DATED:  August 26, 2019     GARCIA RAINEY BLANK & BOWERBANK LLP

2

3

4                             By      /s/ Jeffrey M. Blank

                                        JEFFREY M. BLANK

5                                         NORMA V. GARCIA

6                                  Attorneys for Defendant

                                 Sports Research Corporation

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT SPORTS RESEARCH CORPORATION'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT